**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00589-REB-MEH

ANNE LANG,

      Plaintiff,

v.

INTRADO INC., a Delaware Corporation

      Defendant.

---

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

The discovery sought by the parties in the above-captioned case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret, personal, medical, financial, or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this "Confidentiality Stipulation and Protective Order" ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to govern the

production of documents and testimony that contain Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

*1.*   *Designation of Material.* Any party may designate documents and information as "Confidential Information" if the party in good faith believes it meets the standards for protection set forth in Fed. R. Civ. P. 26(c). Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential" or by typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission.   Placement of the "Confidential" or "CONFID" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material pursuant to this Order. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

*2.*   *Subsequent Designation.*   Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within fifteen days of the date the information was disclosed or within fifteen days after the Court approves this Order, whichever is later, be designated as Confidential by the producing party, or

by the party or parties receiving the production, by providing written notice to counsel for all other parties. Each party who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

   3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall thereafter be designated as Confidential Information pursuant to this Order.

   4. *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

   (a)   The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

   (b)   The receiving party may object to a confidential designation on the record during a deposition or within ten (10) days after receipt of the deposition

transcript or, with respect to material produced, in writing within ten days of its receipt of the Confidential designation.  If the parties cannot agree as to the designation after a good faith discussion, within fifteen days after the notice of the objection is given the disclosing party may move the Court to order the "Confidential Information" designation.  The burden of proving that the information meets the standards for protection set forth in Fed.R.Civ.P. 26(c) shall at all times be on the party who made the designation.  The document or information at issue will continue to have "Confidential Information" status during the pendency of any such dispute and/or motion.  If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as "Confidential Information" and shall not thereafter be treated as "Confidential Information" under the terms of this Order.

Access to Confidential Information

5.       *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first

           sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court personnel and to court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d)     To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party or affect any party's freedom to deal with its own documents in the manner of its choosing.

    6.    *No Copies/Notes.*  Except for internal use by counsel for the parties hereto, for Court and deposition copies, for independent experts and independent consultants and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion

thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

    *7.    Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information and, following a good faith discussion between counsel for the parties, such dispute is not resolved to the satisfaction of the parties, the disclosing party shall, within five (5) business days of the failure to resolve the dispute through good faith discussions, move or otherwise request that the Court prevent the disclosure that is the subject of the dispute. The disclosure of the Confidential Information shall not be made during the pendency of any such dispute. If the party seeking to prevent the disclosure fails to move or other request that the Court prevent the disclosure within five (5) business days, the disclosure of the Confidential Information may be made pursuant to this Order.

Use of Confidential Information

    *8.    Use in this Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

    *9.    Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the

deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Order to receive the Confidential Information.

  *10.  Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

  *11.  Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

*12.     Reasonable Precautions.*     Counsel for each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

*13.     Return After Litigation.*  Upon the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information, other than attorney work-product and attorney-client privileged documents.  The returned information will be maintained in a sealed envelope by such counsel for a period of two (2) years following the final termination of this litigation and after such two (2) year period, will be destroyed.  If the party to whom such Confidential Information was furnished believes that she or it should be permitted to retain any such Confidential Information, such party must move the Court for an Order permitting retention thereof and, in such motion must describe (without disclosing the content of any Confidential Information) the Confidential Information sought to be retained, the reasons for such retention and the procedures that such party will follow regarding the preservation of such information.  The party furnishing the Confidential Information shall respond to any such motion within ten (10) days of service thereof and, following the filing of such response, the Court will rule on such motion.

## Other Provisions

*14.    Not an Admission.*  Nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any other available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15.    *Miscellaneous.*  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

Dated at Denver, Colorado this 28th day of August, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00589-REB-MEH

ANNE LANG,

    Plaintiff,

v.

INTRADO INC., a Delaware Corporation

    Defendant.

---

**EXHIBIT A
AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

---

    I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled action.

    Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me except as allowed under the terms of the Order and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential

Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____ 2007.

_____
Name (Printed)

_____
Signature

_____
Address

_____
Employer