IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00589-REB-MEH

ANNE LANG,

      Plaintiff,
v.

INTRADO, INC., a Delaware corporation,

      Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
_____

Before the Court is Plaintiff's Motion to Compel Discovery [Docket #24]. The matter is briefed and has been referred to this Court for resolution [Docket #25]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Compel.

**I.    Facts**

Plaintiff is a former employee of Defendant, who alleges that she was discriminated against and terminated from her employment on the basis of her gender. In her detailed Complaint, Plaintiff alleges that she received raises, awards, and strong performance reviews until Laura Marriott became Plaintiff's supervisor. Plaintiff further alleges that her termination for performance reasons was in retaliation for her complaints of unlawful discrimination made against Ms. Marriott. Plaintiff points to allegations from other employees made against Ms. Marriott in support of her claim that "Intrado engaged in a pattern or practice of discriminating against female employees on the basis of sex or gender in the imposition of disparate discipline and other terms and conditions of employment, unlawful retaliation, and discharge." Complaint at ¶ 78.

In the instant motion, Plaintiff seeks to compel Defendant's responses to her written discovery requests. The Court will address each disputed matter in turn.

## II. Discussion

### A. Relevancy under the Federal Rules

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1).

### B. Plaintiff's written discovery requests

<u>Interrogatory No. 5</u>

Plaintiff seeks all information related to former employee Jill Breen. Plaintiff alleges that Ms. Breen was terminated by Ms. Marriott within one year of Plaintiff's termination, and that Ms. Breen had also asserted claims of discrimination. Defendant objected on the basis that the information is not relevant to Plaintiff's termination, and it seeks confidential employee information. Defendant further states that Jill Breen was terminated for performance reasons, and that Plaintiff cannot logically tie Ms. Breen's termination to Plaintiff's termination.

Central to this dispute is the scope of Plaintiff's claims. Plaintiff argues that Defendant has a pattern or practice of terminating employees for performance reasons who complain of discrimination. Defendant contends that Plaintiff included no "pattern or practice" allegations in her

statement of claims in the Scheduling Order and only states a claim for disparate treatment. Defendant further argues that a "pattern or practice" theory is appropriate for class action lawsuits, not a single plaintiff lawsuit. Defendant's sole reliance on the Scheduling Order is misplaced. Besides the fact that Defendant provides no legal authority for the proposition that the Scheduling Order overrides the operative Complaint, the Scheduling Order still includes references to Plaintiff's claims of retaliation. Dock. #14, p. 3.

Regarding retaliation, the following discussion by the Tenth Circuit Court of Appeals in *Curtis v. Oklahoma City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200 (10th Cir. 1998), is instructive:

> Testimony of other employees may be relevant in assessing an employer's retaliatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives. *See, e.g., Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990); *Morris v. Washington Metro. Area Transit Auth.*, 226 U.S. App. D.C. 300, 702 F.2d 1037, 1045-47 (D.C. Cir. 1983). For such testimony to be relevant, however, the plaintiff must show the circumstances involving the other employees are such that their statements can "'logically or reasonably be tied to the decision to terminate [the plaintiff].'" *Spulak*, 894 F.2d at 1156 (alteration in original) (quoting *Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988)). Moreover, even if relevant, such evidence may be excluded under Federal Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or undue delay

*Id.* at 1217. As set forth above, Plaintiff must ultimately tie the circumstances of other employees' terminations to her own for such information to be relevant. To have the opportunity to do so, however, Plaintiff must first have access to this information so that Plaintiff can attempt to set forth this logical connection, which she has alleged her in Complaint. Appropriately, the standard for relevance during the discovery phase requires the requested information to be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, if the circumstances surrounding Ms. Breen's termination for "performance reasons" can logically be tied to the

circumstances surrounding Plaintiff's termination, the discovery could be relevant.

In *Spulak*, the Court elaborated on this "logical connection" by pointing to evidence that other employees worked in a similar area (the same state), were terminated within in a similar time frame, and were terminated under similar circumstances. 894 F.2d 1150, 1156 n.2. Here, Plaintiff alleges that Ms. Breen was terminated by the same supervisor, within one year of Plaintiff's termination, and shortly after she allegedly complained of discrimination. Even so, Defendant contends that Plaintiff cannot establish a logical connection to Plaintiff's claims because Ms. Breen was terminated for performance reasons unrelated to Plaintiff's claim of disparate treatment, despite the fact that Plaintiff has not had the opportunity to examine the facts surrounding Ms. Breen's termination. In this regard, Defendant has put the cart before the horse. Defendant's arguments are better suited for a motion *in limine* than in objecting to discovery under the liberal discovery standards set forth in Rule 26(b)(1).

Moreover, the Tenth Circuit has clearly established that the information sought may be relevant to an employer's retaliatory intent, or if it "tends to discredit the employer's assertion of legitimate motives. *Curtis*, 147 F.3d at 1217; *see also Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 653 (D. Kan. 2003) ("Information that may establish a pattern of discrimination is discoverable even when the action seeks only individual relief. When the motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant."). Based on the allegations in Plaintiff's Complaint, the information sought is clearly relevant, and Plaintiff's Motion to Compel is granted as to this request.

### Interrogatory No. 10

For seventeen current and former employees, Plaintiff seeks their addresses and telephone

4

numbers, their titles and positions including the dates for which these positions were held, their gender, gross annual compensation for the past five years, and their dates of employment. In response, Defendant's only contention is that the requests for titles, positions, and yearly compensation bear no relationship to Plaintiff's claims. Defendant does not address its failure to provide basic identification information including last known addresses and telephone numbers, although Defendant has provided the information as to Ms. Marriott. Dock. #43. Moreover, even in a classic disparate treatment case, as Defendant posits this is, information related to compensation and titles or promotions is clearly relevant to the terms and conditions of employment. Plaintiff's Motion to Compel is granted as to this request.

### Interrogatory No. 14

Plaintiff seeks all complaints of retaliation, gender harassment, or discrimination against Defendant in the past ten years. Defendant objects to this request as a burdensome fishing expedition and seeks to limit the request to only those employees involved in Plaintiff's termination. Plaintiff contends that the request involves only the same claims as Plaintiff's and that it is limited to the same Human Resources department that handled Plaintiff's complaint. While the Court finds the requested information relevant, the interrogatory as phrased is unduly burdensome. The Court will require Defendant to identify all formal complaints of retaliation, gender harassment, or gender discrimination within the past five years. To this extent, Plaintiff's Motion to Compel is granted in part and denied in part.

### Interrogatory No. 15

Plaintiff seeks information regarding the circumstances surrounding Ms. Marriott's separation from employment. Defendant simply states that Ms. Marriott "resigned her employment with

5

Intrado" and that any other information can be obtained during Ms. Marriott's deposition. As Plaintiff points out, the circumstances surrounding Ms. Marriott's separation from employment might bear relevance to Ms. Marriott's alleged prior conduct, which cannot be determined until the information sought is produced. This is precisely the reason that Rule 26(b)(1) sets forth such a liberal discovery standard. Plaintiff's Motion to Compel is granted as to this request.

### Interrogatory No. 17

Plaintiff seeks the qualifications and compensation of all employees of Defendant who performed the same duties as Plaintiff over a two-year period. Defendant contends that Plaintiff's claims in the Scheduling Order do not reference qualifications or compensation as part of her disparate treatment claim. In turn, Plaintiff contends that she must first establish how her comparitors were treated before she can establish disparate treatment, especially when one issue in this case is whether Plaintiff's receipt of bonuses can establish whether she was performing acceptably as compared to her colleagues prior to her termination. Plaintiff has established the relevance of this information, and Plaintiff's Motion to Compel is granted as to this request.

### Request for Production No. 8

Plaintiff seeks the personnel files (excluding social security numbers, medical information, and tax information) of Plaintiff's comparitors, those who allegedly discriminated against Plaintiff, witnesses to Plaintiff's complaints, and employees involved in the investigation of Plaintiff's complaints.

The personnel files of comparitors are clearly relevant to Plaintiff's case, and Plaintiff has also established the relevance for the performance reviews of the employees involved in the investigation to the extent those reviews make any comment on the particular employees' participation in other

6

investigations. However, Plaintiff has not established the relevance of the other categories beyond Defendant's supplemental response that none of the files contain any allegations of gender discrimination or retaliation by any of these individuals. Because Plaintiff has not identified which of the individuals fall into each category, Plaintiff shall provide a list to Defendant's counsel of the comparitors for which she seeks personnel files and the employees involved in the investigation for which the Court will require limited production of performance reviews no later than **November 16, 2007**. To this request, Plaintiff's Motion to Compel is granted in part and denied in part.

<u>Request for Production No. 9</u>

Plaintiff seeks for the relevant individuals any documents relating to claims of gender-based harassment or unlawful discrimination which directly involve these individuals. Plaintiff argues that this information is relevant to establishing whether the Defendant had prior notice of discriminatory conduct similar to that alleged by Plaintiff. Defendant again argues that the information is not relevant to Plaintiff's claims and that "Plaintiff does not explain why such prior notice would be relevant or discoverable to her self-described allegations of disparate treatment discrimination." Response at 14. The Court finds the documents requested relevant and grants Plaintiff's Motion to Compel as to this request.

Finally, Defendant has objected to several requests on the basis that the documents requested contain confidential employee information. The Court is sensitive to the privacy interests of these employees. Nevertheless, a stipulated protective order has been entered in this case to protect such confidentiality, and Plaintiff's request already excludes social security numbers, benefit election forms, medical information, and tax information.

C.   **Sanctions under Rule 37**

If a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses incurred in relation to the motion among the parties in a just manner." Fed. R. Civ. P. 37(a)(4)(C).   In seeking a just apportionment, the Court is guided by the "substantial justification" standard set forth in Rule 37.   Substantial justification means that the objections must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  While the Motion was denied in limited part, the majority of Defendant's arguments do not meet the substantial justification standard.  Specifically, without legal authority, Defendant inappropriately disregarded the facts and claims alleged in the Complaint and focused solely on the statement of claims in the Scheduling Order, though Defendant neglected the retaliation claims in the Scheduling Order.

Defendant also repeatedly argued lack of relevance in contradiction of controlling Tenth Circuit precedent and after Plaintiff's Rule 37 letter clearly set forth the relevance as to bias and motive.  Much of the information requested may not be relevant to Intrado's intended defense of this case, but it is plainly within the scope of Rule 26(b)(1) and relevant to Plaintiff's claims and allegations set forth in the Complaint. Accordingly, the Court deems it just to not award fees for any of Plaintiff's time spent on the Rule 37 letters, but will award the reasonable costs and attorney's fees for Plaintiff filing the Motion to Compel and the Reply.  Plaintiff shall submit his affidavit of reasonable costs and attorney's fees on or before **November 16, 2007**.

**III.   Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel Discovery [Filed October 5, 2007; Docket #24] is **granted in part** and **denied in part**.

Plaintiff shall submit his affidavit of reasonable costs and attorney's fees on or before **November 19, 2007**. Defendant shall produce the documents and responses ordered herein on or before **November 26, 2007**.

Dated at Denver, Colorado, this 13th day of November, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge