IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00589-REB-MEH

ANNE LANG,

    Plaintiff,
v.

INTRADO, INC., a Delaware corporation,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTION FOR *IN-CAMERA* REVIEW**
_____

Before the Court is Plaintiff's Motion for *In-Camera* Review [Docket #46]. The matter is briefed and has been referred to this Court for resolution [Docket #47]. Defendant submitted the documents for *in-camera* review, if necessary, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** Plaintiff's Motion.

**I.**    **Background**

Plaintiff is a former employee of Defendant, who alleges that she was discriminated against and terminated from her employment on the basis of her gender. Defendant was directed to produce certain documents based on Plaintiff's Motion to Compel, from which Defendant withheld 46 emails based on attorney-client privilege and the work product doctrine. Plaintiff requested that the Court review the emails *in camera* and produce the redacted documents. In response, Defendant submitted a revised privilege log and argued that each email was either forwarded to Defendant's corporate counsel, Joyce Jenkins, after Plaintiff threatened litigation or sent directly to Defendant's corporate counsel. For those emails forwarded to Ms. Jenkins, Defendant points out that Plaintiff received these emails in other productions, before they were forwarded to Ms. Jenkins.

**II.     Discussion**

The attorney-client privilege is governed by federal common law. Fed. R. Evid. 501. It is "the oldest of the privileges for confidential communications known to the common law. . . . Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981). The burden to establish the privilege rests on the party asserting the privilege. *Aull v. Cavalcade Pension Plan*, 185 F.R.D. 618, 624 (D. Colo. 1998). While the privilege cannot be used to shield facts disclosed to attorneys, the privilege does extend to in-house corporate counsel if the communication is for the purpose of seeking legal advice. *Upjohn Co.*, 449 U.S. at 394.

The work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Though originally set forth in the *Hickman v. Taylor*, 329 U.S. 495 (1947), it has been incorporated into the Federal Rules of Civil Procedure as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

In this case, the emails fall into two categories: (1) communications directly with Ms. Jenkins;

2

and (2) communications forwarded to Ms. Jenkins. As to the first category, Defendant argues that all emails were sent after Plaintiff's former attorney threatened litigation and are, therefore, for the purpose of receiving legal advice related to litigation, not simply business advice. Plaintiff contends that advice received from in-house counsel on business matters is not privileged and relies on Judge Kane's decision in *Gerrits v. Brannen Banks of Florida, Inc.*, 138 F.R.D. 574, 576 (D. Colo. 1991). That case is not in point, insofar as Judge Kane was confronted with and addressed only the work product doctrine, which of course, is limited to the context of litigation. *See* Fed. R. Civ. P. 26(b)(3). In this case, Defendant asked legal advice from its corporate counsel. The mere fact that Ms. Jenkins is an in-house attorney does not negate the attorney-client privilege nor does it render her communications business advice. Based on the revised privilege log, the Court finds that the emails in category one are subject to the attorney-client privilege, because the communications were made to obtain or deliver legal advice and were treated as confidential.

As to category two, these emails contain messages forwarded to Ms. Jenkins with information that, by itself, is not protected by either privilege. Defendant argues, however, that these emails have been produced to Plaintiff in other forms, *i.e.*, before they were forwarded to Ms. Jenkins. Defendant, therefore, contends that the substantial equivalent of these discoverable facts can be, and has been, obtained without undue hardship. Based on the arguments presented, the Court agrees. Unless Plaintiff can establish that certain emails listed in the privilege log and forwarded to Ms. Jenkins were not otherwise produced (prior to being forwarded to Ms. Jenkins), the attorney work-product doctrine shields these emails as well. To this extent, Plaintiff's Motion is denied without prejudice to her being able to establish that this information cannot be obtained through other means.

3

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for *In-Camera* Review [Filed December 7, 2007; Docket #46] is **denied**.  Defendant may retrieve the emails submitted for *in-camera* review from Chambers during regular business hours.

Dated at Denver, Colorado, this 26th day of December, 2007.

                                BY THE COURT:

                                s/ Michael E. Hegarty
                                Michael E. Hegarty
                                United States Magistrate Judge