## INSTRUCTION NO. 1

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are, of course, to be governed by the court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach just verdicts, regardless of the consequences. That is the promise you made and the oath you took.

Anything you may have seen or heard outside the courtroom is not evidence, and must be disregarded entirely.

Statements and arguments of counsel are not evidence in the case. The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted or stipulated.

Concerning any fact to which the parties have stipulated, you must accept that fact as proven.

There are two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence – such as the testimony of an eyewitness or earwitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Any evidence as to which an objection was sustained by the court, and any

evidence ordered stricken by the court, must be disregarded entirely.

You are to consider only the evidence in the case. However, in your consideration of the evidence, you are not limited to just the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact may not be based on surmise, speculation, or conjecture.

If any reference by the court or by counsel to matters of evidence, including testimony or exhibits, does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence received in this case.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony, if she is permitted to do so.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view

to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning verdicts.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case and return just verdicts based on the evidence in the case and the law as the court has presented it to you.

**INSTRUCTION NO. 2**

In this case, plaintiff's claims of discriminatory discipline and discriminatory termination based on gender as well as her claim of retaliation are based on a statute, Title VII of the Civil Rights Act of 1964, as amended, Title 42 of the United States Code, Section 2000e-2(a), often referred to simply as "Title VII."

Title VII makes it an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual, with respect to the compensation, terms, conditions, or privileges of her employment because of her gender. Title VII also makes it unlawful for an employer to retaliate against an employee for engaging in a protected activity under Title VII.

INSTRUCTION NO. 3

This instruction sets forth the claims and defenses of the respective parties as stated in the case. The claims and defenses are not to be considered by you as evidence in the case. The allegations of the respective parties must be established and proved by the evidence.

The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is Anne Lang. The party against whom the lawsuit is brought is called the defendant. In this action, the defendant is Intrado Inc.

In this case, plaintiff asserts three claims against defendant for unlawful employment actions in violation of Title VII. Two of her claims are for gender discrimination. Those claims are: (1) discriminatory discipline; and (2) discriminatory termination. Plaintiff's third claim is for retaliation.

In response to plaintiff's claims, defendant asserts that it did not discriminate or retaliate against plaintiff and that it had legitimate, nondiscriminatory and nonretaliatory reasons for disciplining plaintiff and for terminating her employment.

These are the issues you are to decide.

### INSTRUCTION NO. 4

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict on anything other than the evidence received in the case and the instructions of the court.

# INSTRUCTION NO. 5

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 6

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 7**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses." An expert witness is someone who, by education, background, training, or experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based on sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other expert witnesses, you may disregard the opinion in part or in its entirety.

As I have told you several times, you, the jury, are the sole judges of the evidence and facts of this case.

**INSTRUCTION NO. 8**

Plaintiff has the burden of proving any claim by a preponderance of the evidence.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted or stipulated.

"Burden of proof" means the obligation plaintiff has to prove her claims by a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.  If plaintiff fails to meet her burden of proof as to any claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that specific claim.

**INSTRUCTION NO. 9**

In order to establish her claims under Title VII for intentional gender discrimination based on disparate discipline and/or her termination, plaintiff must prove both of the following two (2) essential elements by a preponderance of the evidence:

1.   That defendant took an adverse action against plaintiff (I have found as a matter of law that termination of employment constitutes an adverse action, and, therefore, you must find that this element has been established with respect to plaintiff's claim based on her termination); and

2.   That plaintiff's gender was a motivating factor, as that term in defined in Instruction No. 11, for defendant's actions.

If after considering all the evidence you find that plaintiff has proven both of these two (2) essential elements by a preponderance of the evidence as to either one or both her claims for intentional gender discrimination, then your verdict as to the claim you are then considering should be for plaintiff, unless you find that defendant's stated nondiscriminatory reason or reasons for its actions, as discussed in Instruction No. 16, were legitimate and not a pretext for discrimination.

On the other hand, if after considering all the evidence you find that plaintiff has failed to prove any one or both of these two (2) essential elements by a preponderance of the evidence as to either one or both her claims for intentional gender discrimination, then your verdict as to the claim you are considering must be for defendant, and you should so state on the verdict form.

# INSTRUCTION NO. 10

For purposes of a claim of intentional gender discrimination, an "adverse action," as that term is set forth in element 1 of Instruction No. 9, is one that alters the employee's terms, conditions, or privileges of employment, or otherwise adversely affects her status as an employee.  Termination from employment is an adverse action, and you must find that element has been established with respect to plaintiff's claim of intentional gender discrimination related to her termination.  However, an adverse action does not include a mere inconvenience or personality conflict in the workplace.

## INSTRUCTION NO. 11

In order to prove that her gender was a motivating factor in defendant's decision to discipline and/or terminate her, as set forth in element 2 of Instruction No. 9, plaintiff is not required to prove that her gender was the sole motivation or even the primary motivation for defendant's decisions. Rather, plaintiff need only prove that gender played a part in defendant's decisions, even though other factors also may have motivated defendant.

Therefore, to satisfy this element of her claims of intentional gender discrimination, plaintiff must prove by a preponderance of the evidence:

1.   That her gender made a difference in defendant's decisions to discipline and terminate her;

or,

2.   That but for her gender, defendant would not have disciplined her or terminated her employment.

In determining whether gender was a "motivating factor" in defendant's discipline and/or termination decisions affecting plaintiff, you may consider any statements made or acts done or admitted by defendant and all other facts and circumstances in evidence showing state of mind. An improper motive, if it exists, is seldom directly admitted and may or may not be inferred from the existence of other facts.

## INSTRUCTION NO. 12

Title VII makes it unlawful for an employer to retaliate against a person because that person has engaged in a protected activity under the statute.  To establish a claim of retaliation, plaintiff must prove each of the following three (3) essential elements by a preponderance of the evidence:

1.    That she engaged in an activity protected under Title VII; and

2.    That she suffered an adverse employment action contemporaneously with or subsequent to engaging in that protected activity (I have found as a matter of law that termination of employment constitutes an adverse action, and, therefore, you must find that this element has been established); and

3.    That there was a causal connection, as further described in Instruction No. 13, between the protected activity and the adverse action.

If you find that plaintiff has proved each of these three (3) elements by a preponderance of the evidence, then you must find for plaintiff and against defendant on her claim of retaliation, unless you find that defendant's stated nonretaliatory reason or reasons for its action, as discussed in Instruction No. 16, were legitimate and not a pretext for discrimination.

On the other hand, if you find that plaintiff has failed to prove any one or more of these elements by a preponderance of the evidence, then your verdict as to this claim must be for defendant, and you should so state on the verdict form.

**INSTRUCTION NO. 13**

With respect to her retaliation claim, plaintiff may establish a causal connection, as set forth in element 3 of Instruction No. 12, between the protected activity and the adverse action:

1.  By direct evidence that retaliation was a motivating factor in defendant's decision to terminate her employment, or

2.  By circumstances raising an inference that retaliation was a motivating factor in defendant's decision to terminate her.

## INSTRUCTION NO. 14

"Engaging in an activity protected under Title VII," as used in element 1 of Instruction No. 12, includes protesting gender discrimination and/or retaliation in the workplace.

To prove this element of her claim of retaliation under Title VII, plaintiff need not show that the conduct of which she complained was actually discriminatory or retaliatory.  Rather, she must prove by a preponderance of the evidence that she believed in good faith that defendant's conduct violated Title VII and that her good faith belief was objectively reasonable.

I have concluded as a matter of law that you may not find that plaintiff was "engaging in an activity protected under Title VII," as used above, based on plaintiff's claims that she opposed and protested age discrimination and/or sexual harassment when used in the sense of sexual/reproductive behavior, as compared to when sexual harassment is used in the sense of behavior or conduct based on gender.

**INSTRUCTION NO. 15**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

# INSTRUCTION NO. 16

In considering plaintiff's claims of gender discrimination and retaliation under Title VII, the essential elements of which are set forth in Instruction Nos. 9 and 12, respectively, you must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant for its actions.

Defendant maintains that it had legitimate reasons for disciplining and terminating plaintiff.  Plaintiff claims that defendant's asserted reasons are a mere pretext to cover up a discriminatory and/or retaliatory motive.

In determining whether defendant's stated reasons for the discipline or termination of plaintiff are genuine or pretextual, you must examine the facts as they appeared to the person making the employment decision at the time it was made.  The relevant inquiry is whether the employer honestly believed its reasons and acted in good faith on them.

If you find that defendant's reasons for disciplining and terminating plaintiff are unworthy of belief, you may, but need not, infer that defendant's reasons are pretextual.  Pretext may be shown by evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendant's proffered reasons for its actions that you find those reasons unworthy of credence.

Unless plaintiff proves by a preponderance of the evidence that defendant's stated reason was not the true reason for its decision, but instead only a pretext or excuse to discriminate or retaliate against plaintiff, then you must find in favor of

defendant. If you find that defendant's stated reasons are unworthy of belief, you may — but need not — infer that defendant's true motive was discriminatory or retaliatory.

Remember that the ultimate issue you must decide is whether plaintiff has proven the essential elements of her claims of gender discrimination and retaliation under Title VII by a preponderance of the evidence.

## INSTRUCTION NO. 17

If you find for plaintiff on any of her claims, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff proves by a preponderance of the evidence were caused by defendant's allegedly wrongful conduct. The damages that you award must be fair compensation considering all the evidence — no more and no less.

In calculating damages under Title VII, you may not consider any award for back pay, interest on back pay, future wages or benefits, or attorney fees and costs of this lawsuit, because these awards, if appropriate, will be calculated and determined by the court.

You may award damages for any future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and/or loss of enjoyment of life that plaintiff experienced as a result of defendant's discriminatory discipline, discriminatory termination, and/or retaliation.

No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the amount to be awarded for these elements of damage.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts you find from the evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff prove the amount of her losses with

mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## INSTRUCTION NO. 18

If you find for plaintiff on any one or more of her claims, then you must determine whether it is appropriate to award plaintiff punitive damages, in addition to compensatory damages.

An award of punitive damages would be appropriate in this case only if you find by a preponderance of the evidence that a manager or supervisor of defendant personally acted with malice or reckless indifference to plaintiff's federally protected rights, meaning the manager or supervisor knew or should have known that his or her actions violated federal law. You may infer "malice" or "reckless indifference" by defendant if a manager or supervisor responsible for setting or enforcing the company's discrimination policy did not respond to complaints, despite knowledge of serious harassment.

If you find such malice or reckless indifference, punitive damages may be awarded for the purpose of punishing defendant for its unlawful conduct, and also to deter others from engaging in similar unlawful conduct.

If you determine that an award of punitive damages is justified based on the foregoing principles, you may award an amount of such damages which all jurors agree is proper. In fixing the amount, you should consider all relevant evidence and may consider the following questions:

1.      How offensive was the conduct?

2.      What amount is needed to prevent future repetition?

3.      Does the amount of punitive damages have a reasonable relationship to the compensatory damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party in the case.

**INSTRUCTION NO. 19**

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdicts in this case.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## INSTRUCTION NO.  20

Plaintiff has sued for the same losses on her three claims under Title VII.  The three claims on which plaintiff has sued and on which you have been instructed are discriminatory discipline, discriminatory termination, and retaliation.  If you find for plaintiff on more than one claim, you may award her damages only once for the same losses.

**INSTRUCTION NO. 21**

It is proper to add the caution that nothing stated in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdicts the court thinks you should find.  What the verdicts should and shall be is your sole and exclusive duty and responsibility.

## INSTRUCTION NO. 22

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the court regarding the issues of the case by any means other than such a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

If you do send a note to me containing a question or request for further direction, please bear in mind that a response takes considerable time and effort.  I must first notify counsel to return to court.  Then I must confer with counsel, consider their arguments and, if necessary, research the question before reducing the answer or direction, if any, to writing.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached unanimous verdicts.

## INSTRUCTION NO. 23

The original written instructions are a part of the court record. You are not permitted to write any notes on the original instructions or to deface them in any way. The original instructions and the exhibits are to be returned to the court at the conclusion of your deliberations.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions and verdict form. Not only will your deliberations be more productive if you understand the legal principles on which your verdicts must be based, but for your verdicts to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the original instructions.

You may deliberate only while all jurors are present together in the jury room. You must suspend your deliberations until and unless you are all present together in the jury room.

Your deliberations will be secret. You will never have to explain your verdicts to anyone.

Any verdict you reach must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. In other words, any verdict you reach must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. However, do not surrender your honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning unanimous verdicts.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdicts must be based solely on the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended, in any way, to suggest to you somehow what I think your verdicts should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts I think you should return. What the verdicts shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the evidence and facts.

A verdict form has been prepared for your convenience.

Instruction No. 23
Page 2 of 3

You will take the verdict form to the jury room, and when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, and date and sign, together with all other jurors, the verdict form.

When you have arrived at your verdicts and have completed, dated, and signed the verdict form, your foreperson shall notify the bailiff, who, in turn, will notify me. You shall remain in the jury room until I call for you to return to the courtroom. When you return to the courtroom, your foreperson should bring the original instructions and the verdict form with him or her.

Instruction No. 23
Page 3 of 3