IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00589-REB-MEH

ANNE LANG,

    Plaintiff,

v.

INTRADO, INC., a Delaware Corporation,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for New Trial on All Issues** [#103], filed June 26, 2008. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When a case has been tried to a jury, a new trial may be granted "for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States." **FED.R.CIV.P.** 59(a)(1). A motion for new trial "is not regarded with favor and should only be granted with great caution." ***United States v. Kelley***, 929 F.2d 582, 586 (10th Cir. 1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. ***Id.***

III.  ANALYSIS

Plaintiff's claims of gender discrimination and retaliation under Title VII were tried to a jury on June 9-13 and June 16, 2008.  The jury returned a verdict in favor of defendant on all claims.  This motion followed.  Plaintiff advances two arguments in support of her motion for new trial:  (1) that the jury's verdict was against the weight of the evidence; and (2) that defense counsel's made improper and inflammatory comments in closing arguments that prejudiced the jury's verdict.  Neither contention has merit.

A motion for a new trial based on the ground that the verdict is against the weight of the evidence presents a question of fact.  **Patton v. TIC United Corp.**, 77 F.3d 1235, 1242 (10th Cir.), **cert. denied**, 116 S.Ct. 2525 (1996); **Brown v. McGraw-Edison Co.**, 736 F.2d 609, 616 (10th Cir. 1984).  In reviewing the motion, I may "not weigh the evidence, pass on the credibility of the witnesses, or substitute [my] conclusions for that of the jury."  **Minshall v. McGraw Hill Broadcasting Co.**, 323 F.3d 1273, 1279 (10th Cir. 2003) (citation and internal quotation marks omitted).  The motion should be granted only "if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion."  **Id.** (citation and internal quotation marks omitted).

As an initial matter, plaintiff's failure to raise a sufficiency of the evidence challenge in a pre-verdict motion under Rule 50(a) precludes her from pursuing the issue post-trial.  **See Morrison Knudsen Corp. v. Fireman's Fund Insurance Co.**, 175 F.3d 1221, 1246 (10th Cir. 1999); **Dow Chemical Corp. v. Weevil-Cide Co.**, 897 F.2d

481, 486 (10th Cir. 1990). Moreover, even if the motion were not procedurally barred, it fails substantively. The evidence in support of plaintiff's claims in this matter was not so overwhelming that it "pointed but one way." *Minshall*, 323 F.3d at 1279. Plaintiff's broad, global assertions to the contrary give me no reason to conclude otherwise. As in many employment cases, each side had its own interpretation of the facts presented to the jury, and resolution of the claims presented principally came down to a judgment call regarding the relative credibility of plaintiff and the supervisor whom she accused of discriminating and retaliating against her. I can find no fault with the jury's implicit conclusion that plaintiff did not prevail in that contest.

In her second ground of error, plaintiff contends that defense counsel's closing argument was improper and prejudiced the jury's verdict. Again, this argument is both procedurally and substantively infirm. Plaintiff's counsel interposed no objection to the allegedly offending arguments made by defense counsel. "[C]ounsel ... cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial." *Glenn v. Cessna Aircraft Co.*, 32 F.3d 1462, 1465 (10th Cir. 1994) (quoting *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 238-39, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940)) (internal quotation marks omitted). Nor was there the type of plain or fundamental error that might require review even in the absence of a timely objection. *See id*.

Indeed, there was no error at all because, in fact, defense counsel did not misstate the text or spirit of Instruction No. 14, on which plaintiff's argument is premised.

Plaintiff complains that in discussing this instruction, which addressed plaintiff's good faith in making a claim of discrimination, an element of her cause of action for retaliation under Title VII, defense counsel "stated directly or to the effect that *the Court had instructed or directed the jury that Plaintiff operated in bad-faith* in making her complaints . . . when the Court had not so instructed the jury." (Plf. Motion ¶ 8 at 3 (emphasis in original).) Contrary to plaintiff's assumption, the jury *was* so instructed, because I found as a matter of law that plaintiff had not acted in good faith in lodging complaints of age discrimination or sexual harassment based on sexual or reproductive behavior.[1] Although there was much discussion about this instruction during the charging conference and its subsequent continuation, plaintiff ultimately agreed to the language of the instruction. She does not contend that the giving of the instruction itself constituted error, much less the type of prejudicial error that might excuse her failure to timely object to it. **See FED.R.CIV.P.** 51(c) & (d); **Morrison Knudsen Corp.**, 175 F.3d at 1236. Nor did defense counsel's arguments about the instruction mislead the jury or

---

[1] Instruction No. 14 read, in full:

> "Engaging in an activity protected under Title VII," as used in element 1 of Instruction No. 12, includes protesting gender discrimination and/or retaliation in the workplace.
>
> To prove this element of her claim of retaliation under Title VII, plaintiff need not show that the conduct of which she complained was actually discriminatory or retaliatory. Rather, she must prove by a preponderance of the evidence that she believed in good faith that defendant's conduct violated Title VII and that her good faith belief was objectively reasonable.
>
> I have concluded as a matter of law that you may not find that plaintiff was "engaging in an activity protected under Title VII," as used above, based on plaintiff's claims that she opposed and protested age discrimination and/or sexual harassment when used in the sense of sexual/reproductive behavior, as compared to when sexual harassment is used in the sense of behavior or conduct based on gender.

introduce inflammatory or unduly prejudicial matters. Instead, they merely pointed out the difference, recognized and reaffirmed by the jury instruction, between plaintiff's complaints based on the alleged sexual indiscretions of her supervisor and her arguably good-faith claims of discrimination based on her gender. There was no error in that regard.

**THEREFORE IT IS ORDERED** that **Plaintiff's Motion for New Trial on All Issues** [#103] filed June 26, 2008, is **DENIED**.

Dated October 31, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**